UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cr-20045-GAYLES(GRAHAM)

UNITED STATES OF AMERICA

v.

JESSIE WOODEN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Jessie Wooden's *pro se* motion filed

under the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 [D.E. 45] and his *pro*

*se* Motion Pursuant to 18 U.S.C. § 3582(c)(i)(A)(1) in Accordance with Attorney General William

Barr's and the CARES Act Emergency Response to COVID-19 Pandemic/Compassionate

Release/Home Confinement for Vulnerable At Risk Inmates [D.E. 48] (the "Motions").[1] The Court

has considered the Motions, the Presentence Investigation Report, and the record and is otherwise

fully advised. For the reasons that follow, the Motions are denied.

## BACKGROUND

    Defendant is a 33-year-old incarcerated at the United States Penitentiary in Victorville,

California ("USP Victorville"), a high-security penitentiary, with a projected release date of

January 29, 2028. On May 25, 2017, the Court sentenced Defendant to a 154-month term of

imprisonment followed by a three-year term of supervised release for: (1) Conspiracy to Commit

---

[1] The Court liberally construes the claims in the Motions because Defendant proceeds *pro se. Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); (2) Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); and (3) Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [D.E. 36]. On May 23, 2019, the Court entered an Amended Judgment as to restitution. [D.E. 42].

Defendant now asks the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to modify his sentence to home confinement. Defendant alleges that the current pandemic, along with his health conditions, warrant his home confinement. Defendant is a paraplegic, capable only of limited self-care, and has a caretaker. Defendant is also incontinent of urine and feces, with the need to shower every day in the common area. Defendant alleges that the COVID-19 pandemic "place[s] him at high risk for his very vulnerable condition." [D.E. 48 at 2].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018).

Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motions, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motions should be denied because: (1) Defendant fails to demonstrate that extraordinary and compelling reasons warrant his release; (2) the § 3553(a) factors weigh against Defendant's release; and (3) Defendant remains a significant danger to the safety of the community. [D.E. 47]. The Court finds that the Motions must be denied because Defendant failed to properly exhaust his administrative remedies prior to filing his Motions and he remains a danger to the community.

## I.  Exhaust of Administrative Remedies

Defendant fails to show that he exhausted his administrative remedies. Proper exhaustion requires that Defendant file a request for compassionate release with the warden of his facility and appeal the denied request. 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 542.15 (outlining the administrative appeal process); 28 C.F.R. § 571.63 (defining what constitutes a "final administrative decision"). Alternatively, Defendant must show that at least thirty days have lapsed since the warden received his request.[2] 18 U.S.C. § 3582(c)(1)(A); *United States v. Laureti*, No.

---

[2] Notably, the Government conceded in a similar action before another district court in this Circuit that "the official position of the Department of Justice as well as the Bureau of Prisons[] [is that] a defendant can file a motion for

16-CR-60340, 2019 WL 7461687, at *1 (S.D. Fla. Dec. 17, 2019) ("A plain reading of the statute reflects that the Defendant may seek relief after the lapse of 30 days from the date the Warden receives the Defendant's request."). *But see United States v. Feucht*, 462 F. Supp. 3d 1339, 1341 (S.D. Fla. 2020) ("[T]he 30-day period should be measured from the date on which a prisoner submits his or her request to the BOP [Bureau of Prisons], not the date the request is received by the Warden.").

Here, Defendant neither alleges nor provides proof that he filed a request for compassionate release with the Warden at USP Victorville and either appealed a denial of such a request or waited 30 days before filing his Motions. *See United States v. Zamor*, 460 F. Supp. 3d 1314, 1316 (S.D. Fla. 2020) (denying compassionate release where the defendant did "not allege that he submitted a request to the warden, nor that he exhausted all of his administrative rights to appeal the Bureau of Prisons' decision."); *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1286 (S.D. Fla. 2020) (denying compassionate release request where the record showed "no evidence that [the defendant] ever presented a request to the BOP [Bureau of Prisons] . . . [and the defendant] ha[d] already had more than enough time to supplement the record to prove otherwise."). Therefore, the Motions are denied because Defendant fails to show that he properly exhausted his administrative remedies.

## II.    Danger to the Community

The Court also finds that Defendant is "a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2). In so doing, the Court considers:

---

compassionate release in district court 30 days after requesting relief from the Warden, even if the Warden denies the relief within 30 days." *United States v. Woodson*, No. 13-CR-20180-CMA, [D.E. 402] (Government's Supplemental Response to Defendant's Motion for Compassionate Release); *see also First Step Act – Frequently Asked Questions*, Fed. Bureau of Prisons, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_compassionate_release (last visited Mar. 2, 2021) (select "Compassionate Release"; then select "How can an inmate apply for compassionate release?") ("[U]nder the [First Step Act], an inmate may now file a motion for compassionate release directly with the sentencing court 30 days after making a request to the [Bureau of Prisons] or after exhausting their administrative remedies.").

(1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Based on his criminal history and the nature and circumstances of his instant offenses, the Court cannot conclude that Defendant does not pose a risk to the public safety. *United States v. Williams*, No. 3:04CR95/MCR, 2020 WL 1751545, at *3 (N.D. Fla. Apr. 1, 2020). Defendant is currently serving a 154-month term of imprisonment for three felony convictions that are serious and violent and for which he has served less than half of his sentence. [D.E. 36], *as amended by* [D.E. 42]; *see also, e.g.*, *Zamor*, 460 F. Supp. 3d at 1317 (finding release unwarranted where the defendant had "completed less than 40% of [his] sentence . . . ."). The Government notes that Defendant's disciplinary record while incarcerated has been less than exemplary, including Defendant being sanctioned on one occasion for drug and alcohol possession. [D.E. 47 at 4]; *see also Williams*, 2020 WL 1751545, at *3 (noting that prison records are "factors which are now a part of [the defendant's] history and characteristics."). Moreover, Defendant committed the instant offenses while he was on probation for a previous conviction. [D.E. 32 at 16 ¶ 54]. And while Defendant is a paraplegic with other serious medical conditions, those medical conditions did not deter him from committing the crimes for which he is now incarcerated.[3] *See, e.g.*, *Zamor*, 460 F. Supp. 3d at 1317 ("After completing . . . [a previous] sentence, [the defendant] then engaged in the narcotics activity that is the subject of this case, while suffering from the same conditions he contends now support a reduction in his sentence."); *United States v. Stuyvesant*, 454 F. Supp. 3d

---

[3] According to the Presentence Investigation Report, Defendant became a paraplegic in 2004 after being shot three times in the back. [D.E. 32 at 21 ¶ 71; 24 ¶ 82]. Defendant committed the instant offenses on October 29, 2016. *Id.* at 2.

1236, 1244 (S.D. Fla. 2020) ("[W]hile [the defendant] was awaiting a liver transplant that, he claims, is necessary to save his life, he made the conscious decision to participate in a conspiracy to distribute . . . cocaine—for which he was then arrested, convicted, and sentenced."). Based on Defendant's criminal history and the seriousness of his current offenses, the Court finds that Defendant remains a danger to the community such that release is not warranted.

<strong>CONCLUSION</strong>

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Jessie Wooden's *pro se* motion filed under the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, [D.E. 45], is **DENIED**.

2.  Defendant Jessie Wooden's *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(i)(A)(1) in Accordance with Attorney General William Barr's and the CARES Act Emergency Response to COVID-19 Pandemic/Compassionate Release/Home Confinement for Vulnerable At Risk Inmates, [D.E. 48], is **DENIED**.

3.  Defendant Jessie Wooden's *pro se* motion for appointment of counsel to help with his reduction of sentence, [D.E. 56], is **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 2nd day of March, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE